**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| ISHMAEL WHITAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 4:21-cv-00207-CDL-MSH |
| v. | : | |
| | : | |
| OFFICER FERGUSON, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |

_____

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Ishmael Whitaker, an inmate at the Muscogee County Jail in Columbus, Georgia, has filed this 42 U.S.C. § 1983 complaint.  ECF No. 1.  Plaintiff has also filed a motion to proceed *in forma pauperis* and a motion to obtain documentary, video, and audio evidence.  ECF Nos. 3, 4.  Plaintiff's motion for leave to proceed *in forma pauperis* is now **GRANTED** and his complaint is ripe for preliminary review.   On preliminary review, it is **RECOMMENDED**, that Plaintiff's claims against the Defendants be **DISMISSED** for failure to state a claim.  Additionally, it is **RECOMMENDED** that Plaintiff's motion to obtain evidence be **DENIED as moot**.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  ECF No. 3.  As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is

hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the Muscogee County Jail. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby

2

authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

## I.   Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes

apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'"  *Twombly*, 550 U.S. at 555 (citation omitted)*.*  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations

Plaintiff has been incarcerated at the Muscogee County Jail since March 30, 2021. ECF No. 1 at 1 and 6. Plaintiff states that on May 25, 2021 he "was escorted by officer [F]erguson and placed in the H.S.P. cell and discharged on 5-27-2021 and [Plaintiff] did not receive a mattress or a blanket". *Id*. at 5. Plaintiff further cites to five other incidents where he was escorted to the H.S.P. cell by "John Doe" defendants between May 2021 and October 2021 and was not given a mattress or blanket. *Id*. Plaintiff alleges that his constitutional rights have been violated because the jail has a policy to provide inmates housed in H.S.P cells with "a shroud, mattress and blanket, and every officer that came to the H.S.P. cells that [he] was housed in … didn't provide [him] with a mattress an (sic) blanket [violating] the policy of the Muscogee County Jail". *Id*. at 6. He further complains that "[t]his is a form of cruel and unusual punishment because he was forced to sit or lay on the concrete floor in freezing cold temperatures because [he] suffers from mental disorders that make [his] thought process fluctuate and [he has] been trained to tell

somebody when [he feels] homicidal and or suicidal and every time [he is] placed in the H.S.P. cells [he is] not receiving a mattress and blanket as policy mandates". *Id*. at 6-7. Plaintiff further alleges that when he complains to officers, he is always given an excuse but he knows through other inmates that no mattress or blanket is given to mentally ill patients to make them uncomfortable "so that they will be forced to ask for a discharge out of the H.S.P. cells". *Id*.   Plaintiff seeks a million dollars in damages. *Id*. at 8.

III.   Plaintiff's Claims

1.   John Doe Defendants

To the extent Plaintiff simply seeks to bring claims against unidentified correctional staff or jail officials listed as "John Doe" in his Complaint, Plaintiff has not provided enough detail to state a claim upon which relief may be granted. As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).   Plaintiff alleges that on five different occasions he "was escorted by" John Doe officer(s) "and placed in the H.S.P cell and discharged… and [he] did not receive a mattress or blanket".   ECF No. 1 at 5. Plaintiff does not specifically tie any unidentified John Doe officers to any specific violation of his constitutional rights. *Id*.   More importantly, Plaintiff

does not provide any description whatsoever of these John Doe officers. *Id*. Thus, Plaintiff's claims as to the John Doe Defendants are subject to dismissal. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation); *Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]"). It is therefore **RECOMMENDED** that Plaintiff's claims as to all John Doe Defendants be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

2.   Defendant Officer Ferguson

*Violation of jail policy claim*

Plaintiff alleges that his "constitutional rights were violated because this institution has a policy that states that any inmate that is placed in an H.S.P. cell shall be provided with a shroud, mattress and a blanket" and every officer who did not provide him with these items "violated the policy of the Muscogee County Jail". ECF 1 at 6.

"In a § 1983 action, a federal court considers whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated." *Jones v. Schofield*, No. 1:08-CV-7 WLS, 2009 WL 902154, at 3 (M.D. Ga. Mar. 30, 2009)(*citing Rineholtz. v. Campbell* 64 F.Supp.2d 721, 731 (W.D.Tn.1999). "Prison regulations ... were never intended to confer rights on inmates or serve as a basis for constitutional claims." *Id*. "Instead, [state prison] regulations, as well as the Unified Code [of Corrections], were designed to provide guidance to prison officials in the administration of prisons." *Id*.

"Prison regulations and Standard Operating Procedures do not confer federal rights to prisoners that may be enforced or redressed in a § 1983 action." *Id*. Therefore, any constitutional claim raised by the Plaintiff in regards to officers and in particular, the only named Defendant, Officer Ferguson, is subject to dismissal. Accordingly, to the extent Plaintiff seeks to raise such claims, the undersigned **RECOMMENDS** that they be **DISMISSED without prejudice** as frivolous.

*Cruel and unusual punishment claim*

Plaintiff further claims that he has been subjected to "cruel and unusual punishment because [he] was forced to sit or lay on the concrete floor in freezing cold temperatures". ECF No. 1 at 7. Plaintiff's specific allegation as to Defendant Ferguson is that "[o]n 5-25-2021, [Plaintiff] was escorted by officer [F]erguson and placed in the H.S.P. cell and discharged on 5-27-2021 and [Plaintiff] did not receive a mattress or blanket". *Id*. at 5. Plaintiff states that he manifests homicidal and suicidal thoughts due to his mental illness and he was taken to the H.S.P. cell after having expressed such thoughts. Thus, Plaintiff makes clear that confinement in the H.S.P. cell was imposed for the protection of the Plaintiff, jail personnel, and other prisoners during his periods of mental instability rather than as punishment for some ostensible infraction.

Because Plaintiff is a pretrial detainee, allegations regarding the conditions of his confinement are governed by the Fourteenth Amendment. *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 n. 3 (11th Cir.2007). "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted

8

persons." *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir.1985); *see also Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1024 n. 5 (11th Cir.2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 561–63 (2007)("the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments.").   However, the Constitution does not mandate comfortable prisons or jails, nor does it mandate that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

Thus, to establish a cause of action based on conditions of confinement, a plaintiff must prove both an objective and subjective component: "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'" *Thomas v. Bryant,* 614 F.3d 1288, 1304 (11th Cir.2010) (*quoting Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).   Regarding the objective component of a conditions of confinement claim, the Eleventh Circuit has held that "[a] prison condition is unconstitutional only if it deprives the plaintiff of a human need, or otherwise poses an unreasonable risk of serious damage to his future health or safety." *Evans v. St. Lucie County Jail,* 448 Fed.Appx. 971, 974 (11th Cir.2011) (*internal citations omitted*). Moreover, in order to satisfy the subjective component, the plaintiff must show that the defendants acted with deliberate indifference, composed of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir.2003).

While the conditions alleged may have been unpleasant to the Plaintiff, his

temporary confinement in a "strip cell" do not indicate the sort of extreme deprivation or serious risk to a prisoner's health or safety that a valid conditions of confinement claim demands especially when his confinement therein is due to suicidal and homicidal ideations.  *Moore v. Hunter*, 847 F. App'x 694, 695 (11th Cir. 2021)(finding that inmates placed on suicide watch are often housed in stripped down cells and may be left in only their underwear);  *O'Connor v. Kelley,* 644 F. App'x 928, 932 (11th Cir. 2016)("[w]hile we accept that O'Connor felt uncomfortably cold while on strip-cell status, O'Connor has alleged no facts demonstrating his exposure to "extreme" conditions").  In fact, it has been repeatedly held that that short periods of confinement without a bed or blanket where the conditions are temporary and the inmate suffers no physical harm therefrom, do not violate the Eighth or Fourteenth Amendments.  *Fischer v. Ellegood*, 238 Fed.Appx. 428, 433 (11th Cir. 2007)(requiring an inmate to sleep on the "bare cement floor" without a mattress for five days does not amount to an Eighth Amendment violation);  *McMahon v. Beard,* 583 F.2d 172, 175 (5th Cir.1978) (no constitutional violation when a pretrial detainee who had just attempted suicide was placed in a "strip cell" for 90 days without clothing, a mattress, sheets, or blankets);  *Turner v. Warden, GDCP*, 650 F. App'x 695, 701 (11th Cir. 2016)(prisoner failed to show that being left in strip cell with no property and in a paper gown for ten days without food for a 24-hour period created an unreasonable risk of harm to his health or safety).  Following this precedent, this Court finds that the Plaintiff's conditions of confinement claim is subject to dismissal.  Accordingly, to the extent Plaintiff seeks to raise such claims, the undersigned **RECOMMENDS** that they be **DISMISSED without prejudice** for failure to state a claim.

10

IV.  <u>Conclusion</u>

For all the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice** pursuant to 28 U.S.C. §1915A.  Furthermore, because the Court recommends dismissal of Plaintiff's complaint, it is **RECOMMENDED** that Plaintiff's motion to obtain documentary, audio, and visual evidence be **DENIED as moot**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with United States District Judge Clay D. Land, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 19th day January, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE