IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ISHMAEL WHITAKER, | : | |
| Plaintiff, | : | |
| | : | NO. 4:21-cv-207-CDL-MSH |
| v. | : | |
| OFFICER FERGUSON, *et al.*, | : | |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff's motion to be transferred to another county jail. ECF No. 10. The Court entered judgment in this action on March 10, 2022. ECF No. 7. Plaintiff's recent submission to this court (ECF No. 10) gives no grounds for relief for judgment, and hence it will not be construed under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff's motion is **DENIED** as moot.[1]

**SO ORDERED**, this 18th day of October, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if Plaintiff could prevail in this action, he does not have a constitutional right of transfer to another jail. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that a pretrial detainee had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."). Moreover, this Court has no authority under § 1983 to order the transfer of Plaintiff from one county jail to another. *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…"). Therefore, Plaintiff's demand for injunctive relief in the form of a transfer to another county jail is also frivolous and subject to be denied as such.